IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHRIS SEESTED, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ALBERT KEMPERLE, LLC,

Defendant.

Civil Action No. 1:25-cv-14019

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Albert Kemperle, LLC. ("Albert Kemperle"), hereby removes this action from the Commonwealth of Massachusetts, Middlesex County Superior Court to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

**PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL**

1. Plaintiff Chris Seested ("Seested") filed a civil action in the Commonwealth of Massachusetts, Middlesex County Superior Court entitled Chris Seested v. Albert Kemperle, LLC, on November 21, 2025, Case No. 2581CV02918 ("State Lawsuit").

2. On December 1, 2025, Seested served Albert Kemperle with the Summons and Complaint in the State Lawsuit.

3. Copies of all process, pleadings, and orders served upon Albert Kemperle in the State Lawsuit are attached hereto as Exhibit A.

4. This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the state court action is based. See 28 U.S.C. § 1446(b)(1).

## JURISDICTION

### Federal Question Jurisdiction

5. This matter is a civil action over which this District Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332, and supplemental jurisdiction under 28 U.S.C. §1367(a) and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

6. In Count II of the Complaint, Seested alleges federal claims of failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. (See Compl. ¶¶ 65–67.) Accordingly, this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and the entire action is subject to removal to this Court pursuant to 28 U.S.C. § 1441(c).

### Diversity Jurisdiction

7. This District Court also has original diversity jurisdiction under 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Specifically, Plaintiff is a citizen of the Commonwealth of Massachusetts. (See Compl., ¶ 3.) Albert Kemperle is a Delaware limited liability corporation with its principal place of business in New York. (See Compl., ¶ 4). Its members are citizens of Washington, Arizona, Luxembourg, and the Cayman Islands. (See Exhibit D, Declaration of Sean Vandale.) Thus, Albert Kemperle is a citizen of Washington, Arizona, Luxembourg,

and the Cayman Islands. See 28 U.S.C. § 1332(c)(1). The parties are, therefore, diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

9. Plaintiff alleges damages in excess of $75,000. (See Exhibit A, State Court Civil Action Cover Sheet, at 12.) That sum is deemed the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2) and meets the amount in controversy required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See Vilaythong v. Sterling Software, Inc.*, 353 F. Supp. 3d 87, 93 (D. Mass. 2018) (considering the amount listed on the civil cover sheet when determining that the amount in controversy requirement had been met).

**Procedural Prerequisites**

10. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the District of Massachusetts is the appropriate court to which to remove this action from the Middlesex County Superior Court, where the action was filed.

11. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Commonwealth of Massachusetts, Middlesex County Superior Court.

WHEREFORE, Defendant Albert Kemperle respectfully requests that this action be removed to this Court and that it be placed on the docket for all further proceedings.

DATED: December 31, 2025

Respectfully submitted,

*/s/Jeffrey S. Shapiro*
Jeffrey S. Shapiro, Esq., BBO No. 712140
Fisher & Phillips LLP
200 State Street, 13th Floor
Boston, Massachusetts 02109
Tel: (617) 722-0044
Fax: (617) 532-5899
*jsshapiro@fisherphillips.com*

and

Eleanor F. Miller, Esq. (*pro hac vice forthcoming*)
VA Bar No. 93675
Fisher & Phillips LLP
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
Tel. (202) 916-7189
Fax (202) 978-3788

*Attorneys for Defendant*
*Albert Kemperle, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 31st day of December, 2025, the foregoing Notice of Removal was served via CM/ECF Notification, email, and first-class mail upon the following:

Adam J. Shafran
Eric J. Walz
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313
*ashafran@rflawyers.com*
*ewalz@rflawyers.com*

*Attorneys for Plaintiff*

*/s/ Jeffrey S. Shapiro*________
Jeffrey S. Shapiro